R. L. ELLISON, Guardian, et al *v.* M. L. SHAPLEIGH et al.

**Laches — Depositions of Important Witness.**

> A petition is filed in June, 1865, alleging certain facts which would be proven by a witness, Shelly, running over a period of some nine years. An answer to said petition was duly filed, and one year thereafter, no effort having been made to secure the testimony of witness Shelly, the petition was dismissed. *Held,* that under such a state of facts, plaintiffs do not show due diligence and petition was rightfully stricken

APPEAL FROM CALLOWAY CIRCUIT COURT.

June 7, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

It is alleged in the petition, that after the close of the term of the court next preceding the filing thereof, plaintiffs had ascertained the facts which Shelly would prove; but it is not alleged that they did not previous thereto know that Shelly was, during the time that Curd was acting as assignee of Brown and Elliott, his partner; that was a fact which must have been notorious in that community, and a knowledge of that fact would necessarily and naturally have induced an inquiry by an ordinarily vigilant man of Shelly, for information of him, of all the facts within his knowledge pertaining to this business, and a failure to do so from the institution of the original suit to the rendition of the judgment now sought to be reviewed, a period of about nine years, manifests such a want of diligence on the part of the personal representatives of Curd, as to entitle them to but little favor.

Moreover, this petition was filed in June, 1865. The defendants below filed their answer in December of that year, in which it is denied that Shelly would prove the facts which plaintiff alleged he would prove, and the cause was not finally disposed of until June, 1866. And notwithtsanding one year had elapsed from the filing of the petition, and six months had elapsed after the answer was filed, it does not appear that Shelly's deposition was taken, or that there was ever an effort made to get it. It does not certainly appear in this record that the master appointed by the court had not up to the June term, 1866, made a report in the

case, and we may assume that he had not, as it appears he was removed and another appointed instead; and even if it be conceded that the judgment of 1859 be final, so far as it determines that Curd's estate shall be charged with the proceeds of the sales at auction of the mortgaged effects not paid over to Burnett, Withers & Co., and as to the value of the personal property mortgaged by Brown, and sold under execution, and bought in by Curd, and that is the utmost extent to which it can be regarded as final; if Shelly will prove the facts alleged it is very important to take his deposition, as it would tend to show, if not conclusively establish, the payment of the proceeds of the goods sold at auction, a fact referred to the master to ascertain, and in all other matters referred to the master his deposition, if he will prove the facts alleged, is manifestly most important, and yet it does not appear to have been taken, and no sort of diligence is manifested.

Waiving the consideration of other questions, it is apparent from the foregoing statements that the ruling of the circuit judge was right and proper.

Wherefore, the judgment is affirmed.

*Stubblefield,* for Appellants.

*Rodman,* for Appellees.